IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID W. BERGER                                                    PLAINTIFF

vs.                                Civil No. 3:06-cv-03022

MICHAEL J. ASTRUE[1]                                               DEFENDANT
Commissioner, Social Security Administration

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

David W. Berger ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2006), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration denying his application for Disability

Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of

the Act.

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3) (2005), the Honorable Jimm L.

Hendren referred this case the Honorable Barry A. Bryant for the purpose of making a report and

recommendation.   The Court, having reviewed the entire transcript and relevant briefing,

recommends that the ALJ's determination be **REVERSED AND REMANDED.**

## 1. Background:

The Plaintiff protectively filed his applications for DIB and SSI on February 5, 2002.  (Tr.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007.  Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

27, 69-72, 316-319).  The Plaintiff was fully insured for DIB under the Act through December 31, 2005.  (Tr. 74).  In his applications, the Plaintiff alleged an onset date of April 30, 2000 due to attention deficit (hyperactivity) disorder and a short attention span.  (Tr. 89, 69-72, 316-319).  These applications were initially denied on July 17, 2002 and were denied again on reconsideration on May 28, 2003.  (Tr. 42-51, 54).  The Plaintiff requested an administrative hearing which was held on October 20, 2004 in Harrison, Arkansas.  (Tr. 27, 329-355).  The Plaintiff was present and was represented by counsel, Frederick S. Spencer, at the hearing.  (Tr. 27, 329-355).  The Plaintiff, David Berger (Plaintiff's father), and Dave Remetch (Plaintiff's friend) testified at the hearing.  (Tr. 27, 329-355).  At the time of the hearing, the Plaintiff was thirty-three (33) years old, was classified as a "younger person," *See* 20 C.F.R. § 404.1563(c)(2006), and had received his General Education Development (G.E.D.) degree.  (Tr. 335).

On June 29, 2005, the ALJ entered an unfavorable decision and denied the Plaintiff's request for disability benefits.  (Tr. 27-39).  The ALJ concluded the Plaintiff had not engaged in Substantial Gainful Activity ("SGA") at any time since the alleged onset date.  (Tr. 38, Finding 2).  The ALJ determined the Plaintiff had been treated for bipolar disorder, panic disorder with agoraphobia, attention deficit disorder, arthritis in his neck, back pain from a shattered vertebrae in the back, and an anxiety-related disorder.  (Tr. 38, Finding 3).  The ALJ determined these impairments or combination of impairments were "severe" but that they did not meet or medically equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4 ("Listings").  (Tr. 38, Findings 3-4).

The ALJ also determined the Plaintiff's Residual Functional Capacity ("RFC").  (Tr. 39, Finding 6).  At the hearing and in his applications, the Plaintiff claimed he was unable to work

because of his aggression, depression, poor memory, biopolar disorder, panic disorder with agoraphobia, panic attacks, learning disorder, anti-social personality traits, neck pain, back pain, knee pain, leg pain, and foot pain.  (Tr. 34, 343-344).  The ALJ analyzed these subjective complaints. (Tr. 34-37).  The ALJ concluded these subjective complaints were not credible based upon the Plaintiff's medical records and the Plaintiff's daily activities and due to a number of inconsistencies regarding the nature and extent of the Plaintiff's alleged impairment.  (Tr. 34-37). Based upon this credibility determination and the ALJ's examination of the Plaintiff's medical records, the ALJ concluded the Plaintiff had the RFC to perform work at a heavy, medium, light, and sedentary exertional level.  (Tr. 39, Finding 6).

The ALJ determined the Plaintiff's Past Relevant Work ("PRW") included a number of different jobs, which the ALJ collectively categorized as"laborer."  (Tr. 39, Finding 7).  The ALJ determined that, with the Plaintiff's RFC, the Plaintiff would still be able to perform his PRW.  (Tr. 39, Finding 7).  The ALJ also determined that, based upon the Plaintiff's RFC, age, education, and work experience, he was functionally capable of performing work that exists in significant numbers in the national economy.  (Tr. 39, Finding 8).  The ALJ determined the Plaintiff could perform his PRW and determined the Plaintiff could perform other work that exists in the national economy based upon the written statements of Vocational Expert ("VE") David O'Neal.  (Tr. 37-38).  These written statements were made in response to written interrogatories the ALJ directed to the VE after the administrative hearing.   (Tr. 193-196).    Based upon the VE's responses to these interrogatories,[2] the ALJ concluded the Plaintiff was not disabled.  (Tr. 39, Finding 9).

---

[2] The Eighth Circuit has held that an ALJ is permitted to base his or her disability determination upon a VE's responses to post-hearing interrogatories.  *See Coffin v. Sullivan,* 895 F.2d 1206, 1210-1211 (8th Cir. 1990) (finding that "the practice of allowing post-hearing reports is not uncommon . . . . this circuit affirmed the decision of an ALJ who created hypothetical claimants, relied on the reports of vocational experts, and submitted post-hearing

On February 24, 2006, the Appeals Council declined to review the ALJ's unfavorable decision and on April 13, 2006, the Appeals Council declined to reconsider/reopen this case. (Tr. 3-4, 19). On May 2, 2006, the Plaintiff filed the present appeal. (Doc. No. 1). This case was referred to the undersigned on February 20, 2007. The Defendant filed an appeal brief on October 6, 2006. (Doc. No. 6). The Plaintiff, however, has not filed an appeal brief within the time designated by the Court, and the Plaintiff's appeal brief, if filed subsequent to this opinion, will not be considered by this Court. (Doc. No. 5). This case is ready for decision.

**2. Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence in the record as a whole. *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden

interrogatories").

of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any SGA. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether an adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a SGA; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her PRW; and (5) if the claimant cannot perform his or her PRW, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. § 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920.

**3. <u>Discussion:</u>**

The Plaintiff has brought the present appeal and has not filed an appeal brief or otherwise indicated to this Court how the ALJ erred in denying the Plaintiff's disability claim. Without the

benefit of an appeal brief from the Plaintiff specifying the error made by the ALJ, the Court will review the entire transcript and the Defendant's brief in this case in order to determine whether there is substantial evidence in the record to support the ALJ's disability determination.  *See* 42 U.S.C. § 405(g).  If there is substantial evidence in the record to support the ALJ's disability determination, then the decision of the ALJ must be affirmed.  *See id.*

This Court finds that the ALJ's decision in present action is not supported by substantial evidence and must be remanded because the ALJ erred in his credibility determination. Specifically, the ALJ erred by failing to apply *Polaski* and the *Polaski* factors.  In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984).  These five *Polaski* factors, which provide as follows, must be analyzed and considered in light of the claimant's subjective complaints: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the limitation; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *See id.* at 1322.  The ALJ is not required to methodically discuss each *Polaski* factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).

In the present action, the Plaintiff claimed he suffered from constant neck, back, knee, leg, and foot pain.  (Tr. 343-344).  The ALJ acknowledged these subjective complaints of pain and noted that he was required to "consider all symptoms, including pain, and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other medical evidence. . . ."  In his analysis of the Plaintiff's subjective complaints of pain, however, the ALJ did not review or even acknowledge *Polaski* or any of the *Polaski* factors.  (Tr. 27-39).  The ALJ did not cite *Polaski.*  (Tr. 27-39).  The ALJ is required to acknowledge all of the *Polaski*

6

factors prior to discounting the Plaintiff's subjective complaints of pain. *See Brown v. Chater,* 87 F.3d 963, 965 (8th Cir. 1996). Since the ALJ did not, at the very least, acknowledge *Polaski* or any of the five *Polaski* factors, this case should be reversed and remanded to the Commissioner for a full *Polaski* analysis. *Id.*

This Court also notes that the record supports and extensively documents the Plaintiff's numerous mental impairments. (Tr. 113-315). The record includes letters from the Plaintiff's friends and family members, the Plaintiff's school records, the Plaintiff's medical records, and other related documents. As noted by the ALJ, these records indicate that the Plaintiff suffers from several mental impairments, including bipolar disorder, panic disorder with agoraphobia, attention deficit disorder, and an anxiety disorder. (Tr. 39, Finding 8). On remand, the ALJ should evaluate these records more fully and consider whether the Plaintiff's impairments meet or equal the requirements for the Mental Disorder Listings, including Listing 12.05C (Mental Retardation). *See Maresh v. Barnhart,* 438 F.3d 897, 899 (8th Cir. 2006).

**4. Conclusion:**

Based on the foregoing, the decision of the ALJ, denying benefits to the Plaintiff, is not supported by substantial evidence, and should be reversed. This matter should be remanded to the Commissioner for further action consistent with this opinion.

**Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. *See* 28 U.S.C. § 636(b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the**

court except on grounds of plain error or manifest injustice.

      **ENTERED** this **18th day of May, 2007.**


      /s/   Barry A. Bryant
      Honorable Barry A. Bryant
      United States Magistrate Judge

8